[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties entered into a written construction contract drafted by the defendants. The defendants were to reroof plaintiffs residence. The defendants did not personally do the reroofing involved herein. They hired a subcontractor. During the course of the reroofing a wind and rainstorm blew off some of the newly installed roofing, materials resulting(, in rainwater damage to a bathroom ceiling. The defendants assumed the responsibility for this resulting damage and the bathroom was repainted.
After the work was completed by the defendants and payment made to them by the plaintiff, the plaintiff discovered leaks around her chimney, and subsequently other leaks were discovered by her. She made numerous phone calls to the defendants but was CT Page 9662 unable to reach them but did discuss her problems with the wife of the defendant, Richard Tinto, and was assured he would contact her. No return call was made until through the assistance of the Bristol Building Inspector the defendants agreed to carry out repairs within ten days. This was not performed.
The plaintiff then entered into another reroofing agreement with a contractor who eventually reroofed the plaintiff's home. The plaintiff paid the sum of $9,650.00 to remove the roofing installed by the defendants and installed a similar roof.
In addition to these damages the plaintiff alleges that as a result of the defendants failure to install the roof correctly the roof leaked causing water damage to the interior of the plaintiff's home. That the repairs of these damages amounted to $3,967.12.
The defendants do not seriously question plaintiff's allegation of the breach of the contract. They do contend that the damages for the breach of contract are limited to the direct damages caused by the breach, i.e. damages measured by either "(1) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or (2) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if the construction and completion in accordance with the contract would involve unreasonable economic waste." Levesquev. D M Builders. Inc., 170 Conn. 177, 181 (1976).
Therefore, the court finds that the defendants breached their contract with the plaintiff resulting in direct damage to the plaintiff in the sum of $9,650.00; i.e. the costs incurred by the plaintiff to have her house reroofed.
Further, the court finds that the plaintiff is entitled to the resulting damages suffered when the roof installed by the defendants leaked water that damaged the interior of her house. The defendants were aware of the potential for damage to the plaintiff's house interior, both because of their knowledge as roofers that the purpose of reroofing a house was to prevent exactly the type of damage suffered to plaintiff's house. Further, that the defendants in a prior instance where their failure to adequately install the roofing, or to take protective measures to prevent the rain damage suffered to plaintiff's bath, CT Page 9663 assumed the cost of repair to the bathroom, implicitly indicating that this was a part of the contract with the plaintiff.
Therefore, it is the order of the court that judgment may enter for the plaintiff as against the defendants in the sum of $9,650.00 for direct damages resulting from the breach of contract; together with the resulting damage suffered to the interior of the plaintiff's home because of the unworkmanlike roof installation. This damage amounts of $3,976.12 less, however the sum of $809.00 received by the plaintiff through her insurance coverage.
Also, the court finds that those costs incurred by the plaintiff that substantially improved structurally, the plaintiffs home, such as the new bathroom ceiling, etc. should be the plaintiff's responsibility. Therefore, the plaintiff is to recover a total of $2,167.12 of these costs to repair, i.e. $3,976.12 less $1,000.00 of reasonable benefits received by the plaintiff in improvements to her premises; and, less $809.00 received by her from her insurance carrier.
Thus, the total amount of the judgment is $11,817.12. Further, the plaintiff is to recover statutory interest from the defendants from August 7, 1995 to July 2, 1998 plus court costs.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE